Bruce C. Wong Esquire
580 California Street, Ste 1600
San Francisco, CA 95104
Telephone: (415) 439-4850
Facsimile: (415) 520-4747

Attorney for Plaintiff

Name A#47-555-449

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Xiu Fang Luo:<br>        Plaintiff,<br>vs.<br><br>Michael Chertoff, Secretary of<br>Homeland Security; Emilio Gonzalez,<br>Director United States Citizenship<br>and Immigration Services;<br>Scott Schools, United States<br>Attorney California Northern<br>District; Rosemary Melville,<br>San Francisco District Director;<br>Robert S. Muller III, Director of<br>Federal Bureau of Investigation.<br><br>        Defendants. | **PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS** |

   COME NOW Xiu Fang Luo Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1

1. This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment.

**PARTIES**

2. Plaintiff Xiu Fang Luo, residing at 63 Mercury Street, San Francisco, California is a 28-year-old native and citizen of China, who is seeking to become a United States citizen. Plaintiff Xiu Fang Luo's N-400 naturalization application was filed with the U.S. Citizenship and Immigration Services (USCIS) sometime in late 2005. After appearing at her Naturalization interview on July 18, 2006 which she passed; the application has been upheld due to FBI fingerprint background check. Since the date of the interview, the appropriate government agency has not taken any further action.

3. Defendant Michael Chertoff is the secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of the DHS.  INA §103; 8 USC §1103; 8 C.F.R. § 2.1.

4. Defendant Emilio Gonzalez is the Director of the US Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the

1  Secretary's supervision. Defendant Director is generally charged with
2  the overall administration of benefits and immigration services. INA
3  §103; 8 USC §1103.
4  5.    Defendant Scott Schools is the United States Attorney for the
5  California Northern District and Defendant Rosemary Melville is the
6  San Francisco District Director and official generally charged with
7  supervisory authority over all operations of USCIS district office in
8  the San Francisco district.
9  6.    Defendant Robert S. Muller III, Director of FBI and an official
10 generally charged with supervisory authority over all operations of
11 the FBI with certain specific exceptions not relevant here.  More
12 specifically, the Director of the FBI is responsible for responding to
13 background check requests from USCIS in a timely manner, thus allowing
14 processing of the applications awaiting this step.

**JURISDICTION**

16 6.    Jurisdiction in this case is proper under 8 USC § 1447, 28 USC §
17 1331 and 1361, 5 USC § 701 *et seq.,* USC §2201 *et seq* to redress the
18 deprivation of rights, privileges and immunities secured to Plaintiff
19 to compel Defendants to perform a duty Defendants owe to Plaintiff.
20 Jurisdiction is also conferred by 5 USC §704.  Relief is requested
21 pursuant to said statutes.

**VENUE**

23 7.    Venue is proper in this court, pursuant to 28 USC § 1331, and 28
24 USC §1391(e), in that this is an action against officers and agencies

of the United States in their official capacities, brought in the District where the Plaintiff resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. Specifically, Plaintiff's application for naturalization was properly filed and, to Plaintiff's knowledge, remains pending with the San Francisco Citizenship and Immigration Services.

**EXHAUSTION OF REMEDIES**

8.   The Plaintiff has exhausted his administrative remedies.  The Plaintiff has supplied the USCIS with all necessary and requested documents that clearly establish her eligibility to be a US Citizen. Plaintiff and his attorney have made numerous inquiries concerning the status of the application to no avail.

**CAUSE OF ACTION**

9.    This action is brought to compel Defendants and those acting under them to take action on a Form N-400, Application for Naturalization, (hereinafter "the Application") in order for Plaintiff to become a Naturalized Citizen of the United States.

10.     Plaintiff Xiu Fang Luo filed a Form N-400 naturalization application with the USCIS sometime in late 2005 and an interview was scheduled on July 18, 2006.  Plaintiff successfully passed the English language and history and government tests. (see Exhibit 1, Form N-652, Naturalization Interview, for proof of successful passage of both tests).

11. From August 18, 2006 to present, Plaintiff has inquired about his Application by phone, writing, and physical visit several times, and the most recent one was made on January 15, 2008 (see Exhibit 2 for a copy of the written inquiry and the Infopass inquiry appointment). To date, no decision has been made on Plaintiff's naturalization case. Certainly more than 120 days have passed since the interview in this matter, thus vesting the jurisdiction with this court under 8 USC § 1447.

12. Plaintiff is eligible to have his Application adjudicated. Her application for naturalization has now remained unadjudicated for more than two years from the date of initial filing and about one year and half from the date of the last interview.

13. Defendants are charged by law with the statutory obligation to adjudicate this Application. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. To date, said application had not been adjudicated in accordance with statute.

14. San Francisco District Office of the Citizenship & Immigration Services is currently processing Forms N-400 filed on May 19, 2007. Plaintiff's application was filed in December 2005 and, therefore, its processing is significantly overdue. (see exhibit 3 for San Francisco district office processing time report).

15. Defendant' refusal to act in the case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully,

negligently, or acted in bad faith, as well as unreasonably have delayed in and have refused to, adjudicate Plaintiff's application for about one and a half years from the date of her naturalization interview, thereby depriving Plaintiff of the right to a decision of her application and the peace of mind to which Plaintiff is entitled.

16.    Plaintiff has been significantly prejudiced by the failure of Defendants to action accord with their duties under the law and regulations.

    a) Plaintiff has been damaged by simply being deprived of having United States citizenship along with its associated benefits, during the interminable pendency of her application.

    b) Plaintiff has also experienced tension in her life due to the uncertainty and anxiety stemming from the pendency of Plaintiff's application.

    c) Plaintiff is facing an extreme hardship of separating from her husband and losing her family, since her husband is currently in the removal processing before San Francisco Immigration Court. He was admitted into the United States but overstayed his V visa. Their marriage is bona fide and they have been blessed with one son. However, the husband is not eligible for the INA 245(i) to adjust his status via paying the $1000 fine due to the fact Plaintiff has not yet become an United States citizen.  (Attached please find in

1         Exhibit 4 for a true and accurate copy of the approval I-
2         130, and son's birth certificate, with translation).
3         Plaintiff's husband's hearing is scheduled for February 27,
4         2008, and he may not be able to continue his case.
5     d) Plaintiff has no other adequate remedy.
6 17.    The defendants, in violation of the Administrative Procedures
7 Act, 5 USC §701 *et seq.,* are unlawfully withholding or unreasonable
8 delaying action on Plaintiff's application and have failed to carry
9 out the adjudicative functions delegated to them by law with regard to
10 Plaintiff's case.
11 18.    The Plaintiff has provided sufficient evidence of his attempt to
12 secure adjudication of the application at issue, all to no avail.
13 Accordingly, the Plaintiff has been forced to pursue a civil law suit
14 to pursue instant action.

**PRAYER**

16 19.    WHEREFORE, in view of the arguments and authority noted herein,
17 Plaintiff respectfully prays that the Defendants be cited to appear
18 herein and that, upon do consideration, the Court enter and order:
19     a) requiring Defendants to adjudicate Plaintiff's
20        naturalization application;
21    b) requiring Defendants to provide Plaintiff with a notice of
22        approval; and
23    c) granting such other relief at law and in equity as justice
24        may require.

1 | Dated:                                          Respectfully submitted,

                                                   _____

                                                        Bruce C. Wong
                                                        Attorney at Law