JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| XIU FANG LUO, | No. C 08-0340 PJH |
|     Plaintiff, | |
| v. | NOTICE OF MOTION AND MOTION TO DISMISS AND REMAND |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO GONZALEZ, Director, United States Citizenship and Immigration Services; JOSEPH P. RUSSONIELLO,* United States Attorney, California Northern District; ROSEMARY MELVILLE, San Francisco District Director; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation, | Date: July 16, 2008<br>Time: 9:00 a.m.<br>Ctrm: 3, 17th Floor |
|     Defendants. | |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on Wednesday, July 16, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Hon. Phyllis J. Hamilton, United States District Judge, 450 Golden Gate Avenue, San Francisco, California, Defendants Michael Chertoff, Secretary of the Department of Homeland Security, et al., by and through their attorneys, Joseph P.

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Joseph P. Russoniello is substituted for his predecessor, Scott Schools, as the United States Attorney for the Northern District of California.

MOTION TO REMAND
No. C 08-0340 PJH

1  Russoniello, United States Attorney, and Melanie L. Proctor, Assistant United States Attorney,
2  Defendants Michael Chertoff, et al., will move this Court to dismiss Defendants Mukasey, Mueller,
3  and Russoniello, and to remand this matter to the agency. Defendants' Motion is based on this
4  notice, the points and authorities in support of this motion, the declaration of Randall Ricks, and the
5  pleadings on file in this matter.

6  Plaintiff's opposition to the motion will be due on June 25, 2008, 21 days prior to the hearing
7  date. Defendants' reply will be due on July 2, 2008, 14 days prior to the hearing date.

## II.   INTRODUCTION

9  This is a complaint and application for a hearing on Plaintiff's application for naturalization,
10 brought under 8 U.S.C. § 1447(b). The Court has two options under § 1447(b). First, the Court can
11 decide the merits of Plaintiff's naturalization application. Alternatively, the Court can "remand the
12 matter, with appropriate instructions," to the United States Citizenship and Immigration Services
13 ("USCIS") to adjudicate the petition.

14 As explained below, the USCIS has completed the requisite background investigation, and
15 is prepared to adjudicate Plaintiff's application. Defendants suggest that the appropriate course is
16 for this Court to remand the matter to USCIS.

## III.   STATEMENT OF FACTS

18 On March 10, 2006, Plaintiff filed an application for naturalization with USCIS. Declaration
19 of Randall Ricks ("Ricks Decl."), ¶ 10. She was interviewed by the USCIS on July 18, 2006. Id.
20 The security checks and background investigations were completed on June 2, 2008. Id.

## IV.   ANALYSIS

22 A.   LEGAL BACKGROUND

23 The Secretary of the Department of Homeland Security ("DHS") has "sole authority to
24 naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). To qualify for the privilege
25 of citizenship, an applicant must satisfy a variety of requirements, including the requirement
26 of establishing that during all relevant times, he "has been and still is a person of good moral
27 character, attached to the principles of the Constitution of the United States, and well disposed to
28 the good order and happiness of the United States." 8 U.S.C. § 1427(a); 8 C.F.R. § 316.2(a)(7). The

1  applicant must also establish that he has "has resided continuously, after being lawfully admitted
2  for permanent residence, within the United States for at least five years . . . ."  8 U.S.C. § 1427(a).
3  Additionally, "[b]efore a person may be naturalized, and employee of the Service, or of the United
4  States designated by the Attorney General,[1] shall conduct a personal investigation of the person
5  applying for naturalization . . . . "   8 U.S.C. § 1446(a); see also 8 C.F.R. § 335.1 ("Subsequent to
6  the filing of an application for naturalization, the Service shall conduct an investigation of the
7  applicant.  The investigation shall consist, at a minimum, of a review of all pertinent records.").
8  Title 8, United States Code, Section 1447(b) provides that if USCIS fails to grant or deny a
9  citizenship application within 120 days after the date "on which the examination is conducted under"
10 § 1446, an alien applicant may obtain a hearing on the matter in district court. Alternatively, the
11 district court may remand the matter to USCIS for adjudication.

12      Before a decision is rendered on an alien's application to naturalize, USCIS, in conjunction
13 with the FBI, conducts several forms of security and background checks to ensure that the alien is
14 eligible for the benefit sought and that he is not a risk to national security or public safety.  See
15 Ricks Decl., ¶ 3.  USCIS also conducts investigations into the bona fides of petitions and
16 applications that have been filed, in order to maintain the integrity of the application process and to
17 ensure that there is no fraud in the application process. See 8 U.S.C. § 1105(a) (authorizing "direct
18 and continuous liaison with the Directors of the Federal Bureau of Investigation and the Central
19 Intelligence Agency and with other internal security officers of the Government for the purpose of
20 obtaining and exchanging information for use in enforcing the provisions of this chapter in the
21 interest of the internal and border security of the United States"). Congress has mandated that the
22 agency withhold adjudication until the necessary background checks are complete:

> [D]uring fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from

---

[1]On March 1, 2003, the Department of Homeland Security and its United States Citizenship and Immigration Services assumed responsibility for adjudication of naturalization applications. 6 U.S.C. § 271(b). Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d).

MOTION TO REMAND
No. C 08-0340 PJH                           3

1    <u>the Federal Bureau of Investigation that a full criminal background check has been completed</u> . . . .

Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. 105-119, 111 Stat. 2440, 2448-49 (emphasis added).

B.   <u>DEFENDANTS MUKASEY, MUELLER, AND RUSSONIELLO SHOULD BE DISMISSED</u>

Courts in this district have recognized that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act. <u>See</u> 6 U.S.C. §§ 271(b)(5), 557; <u>Konchitsky v. Chertoff</u>, No. C-07-00294 RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007); <u>Dmitriev v. Chertoff</u>, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007). Accordingly, the only relevant Defendants here are those within the Department of Homeland Security, and Defendants Michael B. Mukasey and Robert S. Mueller should be dismissed. Moreover, Plaintiff has failed to state any claim against the United States Attorney. Accordingly, Defendant Russoniello should be dismissed.

C.   <u>THE CASE SHOULD BE REMANDED TO THE AGENCY</u>

The courts of this country have long and consistently recognized that non-citizens are not entitled to United States citizenship as a matter of right unless all applicable statutory requirements are satisfied. <u>United States v. Ginsberg</u>, 243 U.S. 472, 475 (1917); <u>Friend v. Reno</u>, 172 F.3d 638, 647 (9th Cir. 1999). As the party seeking to obtain "all the advantages of citizenship, . . . it has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect." <u>Berenyi v. District Director, Immigration and Naturalization Service</u>, 385 U.S. 630, 637 (1967); <u>United States v. Nunez-Garcia</u>, 262 F. Supp. 2d 1073, 1086 (C.D. Cal. May 20, 2003); 8 C.F.R. § 316.2(b).

A district court, like any federal court, has only such limited jurisdiction as is granted by the Constitution or Congress. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994) Although 8 U.S.C. § 1447(b) grants the district courts exclusive jurisdiction over Plaintiff's naturalization application under the current circumstances, <u>Hovsepian</u>, 359 F.3d at 1160, it does not follow that the requirements for obtaining citizenship are diminished or suspended. Consequently,

Plaintiff bears the burden of establishing her eligibility for citizenship to this Court in the same manner as she did to the USCIS. Berenyi, 385 U.S. at 637; see also Friend, 172 F.3d at 647 (noting that district court does not have discretion to ignore a disqualifying factor and grant citizenship). Further, in view of the burden of proof, if this Court would have any doubt as to Plaintiff's qualifications for citizenship, such doubts should be resolved against her. Berenyi, 385 U.S. at 671.

Here, Plaintiff's background check is complete, and USCIS is prepared to adjudicate her application. Ricks Decl., ¶ 10. Accordingly, Defendants suggest that it would be prudent to exercise this Court's remaining option under § 1447(b), and remand the matter to the USCIS. In Scego v. Gonzales, No. 07-0598 MJP, 2007 WL 2155724 (W.D. Wash. July 24, 2007), faced with facts similar to those in the case at hand, the district court noted that "USCIS is the government entity best equipped to adjudicate" the naturalization application, and remanded the matter for adjudication. Id. at *2-3; see, e.g., Zhao v. Chertoff, No. 07-1725 RSL, 2008 WL 191179, at *1 (W.D. Wash. Jan. 22, 2008) (remanding action where USCIS was ready to adjudicate); Lecky v. Gonzales, No. 07-0007 SI, 2007 WL 1813644, at *2 (N.D. Cal. June 22, 2007) (remanding action for adjudication upon receipt of background checks).

## V.    CONCLUSION

Based upon the foregoing discussion, Defendants respectfully ask the Court to dismiss Defendants Mukasey, Mueller, and Russoniello, and remand this matter to USCIS for adjudication.

Dated: June 9, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

      /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants

| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CSBN 44332)<br>United States Attorney |
| 2 | JOANN M. SWANSON (CSBN 88143)<br>Chief, Civil Division |
| 3 | MELANIE L. PROCTOR (CSBN 228971)<br>Melanie.Proctor@usdoj.gov |
| 4 | Assistant United States Attorney |

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| XIU FANG LUO, | ) | No. C 08-0340 PJH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DECLARATION OF RANDALL RICKS |
| | ) | |
| MICHAEL CHERTOFF, Secretary,<br>Department of Homeland Security; et al., | ) | |
| | ) | |
| Defendants. | ) | |

RICKS DECLARATION
No. C 08-0340 PJH

## DECLARATION OF RANDALL RICKS

I, Randall Ricks, do hereby declare and say:

1. I am employed by the United States Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), formerly known as the Immigration and Naturalization Service ("INS"). I am employed as a Senior Adjudications officer at the San Francisco District Office, in the Citizenship Branch of the Adjudications Unit which oversees the adjudication of applications for Naturalization. I have been employed by the Department of Homeland Security (formerly Department of Justice), since May 26, 1998. During that time I have worked as an adjudications officer, supervisory adjudications officer, and senior adjudications officer.

2. I make this declaration based upon my personal knowledge and information made known to me in the course of my professional duties and responsibilities.

3. When a lawful permanent resident applies to USCIS for citizenship by filing an N-400 Application for Naturalization (or other application seeking an immigration benefit), the agency conducts numerous mandatory criminal and national security background checks. These checks are conducted both to enhance national security and to ensure the integrity of the immigration and naturalization processes. These security and background checks serve to screen out aliens who may seek to harm the United States and its citizens or who may be seeking immigration benefits improperly or fraudulently. These security checks have yielded information about applicants involved in violent crimes, sex

crimes, crimes against children, drug trafficking and individuals with known links to terrorism. Pursuant to established agency policy, all required security checks must be completed prior to adjudication of the application.

4. During the adjudicative process of the N-400 application, USCIS also conducts its own security checks and investigations, on as "as-needed" basis, depending on new circumstances that bring into question issues of an applicant's eligibility for naturalization. Once any such issues are resolved, USCIS can complete the adjudication process.

5. USCIS receives an Application for Naturalization, N-400, the applicant's file is opened and an electronic record of that application is created.

6. Although in the majority of FBI name checks and internal investigations, no derogatory information is found, some cases involve complex or highly sensitive information and cannot be resolved quickly.

7. For most applicants, USCIS can quickly determine if there are criminal or security related issues in the applicant's background that affect eligibility for immigration benefits. However, due both to the sheer volume of security checks and investigations USCIS conducts, and the fact that USCIS must await responses from the FBI or other relevant agencies that conduct some of the required security checks, some delays on individual applications are unavoidable and may be lengthy. Even where the FBI, or a third agency has provided a final response, a case may still be considered pending where the response requires further investigation or review by USCIS or another agency. It is vitally important to thoroughly screen each applicant in order to resolve all concerns of a law

enforcement or national security nature before determining that an individual is eligible for an immigration benefit.

8. USCIS reports the average processing times for specific applications and petitions on the USCIS website. This information reflects only average processing times on the date the information is published. Average processing times fluctuate widely and will sometimes even regress for a specific form type due to a number of factors, including a reallocation of agency resources, reordering of the agency's priorities, and other reasons. Additionally, not every application will require the same level of inquiry. Some may require a more detailed level of review and or investigation from either the USCIS or other agencies for a number of reasons ranging from the alien's eligibility for the benefit sought to national security concerns. Accordingly, even when it appears that the adjudication of a particular application is outside the average processing time, this does not establish that the delay is unreasonable or even due to factors within the control of USCIS.

9. I have reviewed the administrative file of the plaintiff, Xiu Fang Luo, A 47 555 449, and thus am familiar with the facts and circumstances of the case.

10. The record reflects that Xiu Fang Luo became a lawful permanent resident on May 11, 2000. She filed an N-400 Application for Naturalization on March 10, 2006. and the requisite security checks and background investigations were initiated. Xiu fang Luo was interviewed regarding her application for

naturalization on July 18, 2006. The security checks and background investigations were completed by June 2, 2008. USCIS is now in a position to adjudicate the N-400, but for exclusive jurisdiction of this matter resting with the Federal District Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this fifth day of June, 2008 at San Francisco, California.

_____
Randall Ricks

Senior Adjudications Officer

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| XIU FANG LUO, ) | No. C 08-0340 PJH |
| ) | |
|                 Plaintiff, ) | |
| ) | |
|    v. ) | |
| ) | PROPOSED ORDER |
| MICHAEL CHERTOFF, Secretary, ) | |
| Department of Homeland Security; EMILIO ) | |
| GONZALEZ, Director, United States ) | |
| Citizenship and Immigration Services; ) | |
| JOSEPH P. RUSSONIELLO,* United ) | |
| States Attorney, California Northern ) | |
| District; ROSEMARY MELVILLE, San ) | |
| Francisco District Director; ROBERT S. ) | |
| MUELLER, III, Director of the Federal ) | |
| Bureau of Investigation, ) | |
| ) | |
|                 Defendants. ) | |
| _____ ) | |

      On March 10, 2006, Plaintiff filed an application for naturalization with the U.S. Citizenship and Immigration Services ("USCIS"). Declaration of Randall Ricks ("Ricks Decl."), ¶ 10. She was interviewed by the USCIS on July 18, 2006. Id. On January 17, 2008, Plaintiff brought this action pursuant to 8 U.S.C. § 1447(b). The security checks and background investigations were completed on June 2, 2008. Ricks Decl., ¶ 10.

*Pursuant to Fed. R. Civ. P. 25(d)(1), Joseph P. Russoniello is substituted for his predecessor, Scott Schools, as the United States Attorney for the Northern District of California.

PROPOSED ORDER
No. C 08-0340 PJH

Under § 1447(b), if USCIS fails to grant or deny a citizenship application within 120 days after the date "on which the examination is conducted under" § 1446, an alien applicant may obtain a hearing on the matter in district court. Alternatively, the district court may choose to remand the matter, with appropriate instructions, to USCIS for adjudication.

Courts in this district have recognized that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557; Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007). Accordingly, the only relevant defendants here are those within the Department of Homeland Security, and Defendants Michael B. Mukasey and Robert S. Mueller will be dismissed. Moreover, Plaintiff has failed to state any claim against the United States Attorney. Accordingly, Defendant Russoniello will be dismissed.

Plaintiff's background check is complete, and USCIS is prepared to adjudicate her application. Ricks Decl., ¶ 10. Accordingly, the Court will exercise its remaining option under § 1447(b), and remand the matter to the USCIS. Scego v. Gonzales, No. 07-0598 MJP, 2007 WL 2155724, at *2-3 (W.D. Wash. July 24, 2007).

Defendants Mukasey, Mueller, and Russoniello are hereby dismissed, and this matter is remanded to USCIS for adjudication. The Clerk shall close the file.

IT IS SO ORDERED.

Dated:

                                                     PHYLLIS J. HAMILTON
                                                     United States District Judge

# CERTIFICATE OF SERVICE

**Xiu Fang Luo v. Michael Chertoff, et al.**
**C 08-0340 PJH**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

1. **Notice of Motion and Motion to Dismiss and Remand;**
2. **Declaration of Randall Ricks; and**
3. **[Proposed] Order**

to be served this date upon the party(ies) as follows:

✓ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___ **PERSONAL SERVICE (BY MESSENGER)** I caused such envelope to be delivered by hand to the person or offices of each addressee below.

___ **FACSIMILE (FAX)** Telephone No.: _____ I caused each such document to be sent by facsimile to the person or offices of each addressee below.

___ **FEDERAL EXPRESS**

___ **CERTIFIED MAIL**

___ **BY E-MAIL** I caused each such document to be sent by e-mail to the person or offices of each addressee below.

to the party(ies) addressed as follows:

Xiu Fang Luo, Pro Se
63 Mercury Street
San Francisco, California 94124

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 9, 2008 at San Francisco, California.

                          /s/
                CAROL E. WEXELBAUM
                Legal Assistant